DAVID J BEAULIEU,

          Plaintiff,

                                    Case No. 25-cv-0417-bhl

     v.

ERICK NICIA, GAGE MARINE and
CITY OF LAKE GENEVA,

          Defendants.

---

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

---

On March 18, 2025, Plaintiff David J. Beaulieu filed this lawsuit against Defendants Erick Nicia, Gage Marine, and the City of Lake Geneva (the City), challenging their seizure of a boat moored at a buoy on Lake Geneva. (ECF No. 1.) Invoking 42 U.S.C. §1983, Beaulieu claims Defendants' removal of the boat violated his Fourth and Fourteenth Amendment rights and constituted conversion under state law. (*Id.*) Defendants have filed a motion for summary judgment and proposed a set of undisputed facts that are supported by declarations signed under penalty of perjury. (ECF Nos. 23–29.) Beaulieu has not responded to the motion and has left Defendants' proposed facts uncontested. *See* Civ. L.R. 56(b)(4); Fed. R. Civ. P. 56(e)(2). Because the undisputed facts establish that Beaulieu does not own the towed boat in question, he lacks standing to bring his claims. Accordingly, the Court will grant the motion for summary judgment and dismiss the case.

### BACKGROUND[1]

Beaulieu is a resident of Walworth County, Wisconsin. (ECF No. 24 ¶1.) Nicia is, and was at all times relevant, the Harbormaster for the City, a municipal corporation. (*Id.* ¶¶2–3, 11.)

---

[1] The facts are derived from Defendants' Proposed Facts. (ECF No. 24.) As noted above, Beaulieu never responded to Defendants' proposed statement of facts, and they are therefore deemed admitted for summary judgment purposes. *See* Civ. L.R. 56(b)(4); *Archdiocese of Milwaukee v. Doe*, 743 F.3d 1101, 1109 (7th Cir. 2014) (quoting Fed. R. Civ. P. 56(e)).

Gage Marine is a third-party contractor for the City; it removes and tows boats at the direction of the City. (*Id.* ¶4.)

The City rents out 60 mooring buoys at a portion of its lakefront. (*Id.* ¶7.) To moor a boat on the City's mooring buoys, the owner must receive permission from the City and subject himself to the terms of a mooring buoy lease agreement. (*Id.* ¶8.) The City assigns each buoy a specific number and keeps records of all lessees and their authorized boats or watercrafts that are permitted to use each buoy. (*Id.* ¶¶9, 13.) The City delegates to the Harbormaster the authority to maintain and police the rental buoys. (*Id.* ¶11.)

On August 26, 2024, while Nicia was out of town, the acting Harbormaster received a complaint from another lessee that a boat was moored to Buoy 4 without authorization. (*Id.* ¶¶31, 18.) Upon instruction from the City, Gage Marine removed the boat from Buoy 4, loaded it onto a trailer, transported it to the City's Department of Works, unloaded the boat, and left. (*Id.* ¶¶32–33, 35.) Nicia returned to work and was informed that a boat had been towed from Buoy 4. (*Id.* ¶39.) He reviewed the Department of Natural Resources registration records and determined that Judith Holloway was the registered owner of the towed boat. (*Id.* ¶40.) On August 30, 2024, Nicia contacted Holloway about the boat. (*Id.* ¶41.) On September 3, 2024, Nicia received a letter from Beaulieu demanding that Nicia return the towed boat back to Buoy 4. (*Id.* ¶43.) Nicia did not respond, because Beaulieu was not the titled owner of the boat. (*Id.* ¶45.) On October 9, 2024, the Holloway family retrieved the boat and paid all fees and costs associated with the towing. (*Id.* ¶42.)

## LEGAL STANDARD

Summary judgment is appropriate if the record shows there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must determine whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is "material" if, under the governing law, it could have an effect on the outcome of the lawsuit. *Id.* at 248; *Contreras v. City of Chicago*, 119 F.3d 1286, 1291–92 (7th Cir. 1997). A dispute over a material fact is "genuine" only if a reasonable trier of fact could find in favor of the nonmoving party on the evidence presented. *Anderson*, 477 U.S. at 248.

The moving party bears the initial burden of proving the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Upon such a showing, the burden shifts to the opposing party to "make a showing sufficient to establish the existence of an element essential to that party's case." *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013) (quoting *Celotex*, 477 U.S. at 322). If the nonmovant fails to respond, "the movant 'still ha[s] to show that summary judgment [is] proper given the undisputed facts.'" *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (quoting *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011)).

## ANALYSIS

Defendants assert that the case must be dismissed because Beaulieu lacks standing to bring his claims. (ECF No. 25 at 6–8.) Defendants explain that Beaulieu was not the registered owner of the boat at the time of its impoundment, has not suffered an injury on account of the towing and impoundment, and therefore does not have standing. (*Id.* at 7.)

Federal courts are courts of limited jurisdiction, and, under Article III of the Constitution, a federal court may only exercise federal judicial power to decide actual "cases" and "controversies" falling within the jurisdiction authorized by Congress. *See* U.S. Const. art. III §2. Federal jurisdiction requires that the plaintiff have a "personal stake" or "standing" in the outcome of the case. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (quoting *Raines v. Byrd*, 521 U.S. 811, 819 (1997)). A plaintiff has sufficient standing to support federal jurisdiction if the plaintiff has (1) an injury-in-fact (2) that is fairly traceable to the defendant and (3) that is likely to be redressed by a favorable judicial decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). An injury-in-fact must be "concrete and particularized" and "actual or imminent." *Id.* at 560.

Beaulieu maintains that the towing of the boat on August 26, 2024 violated his Fourth and Fourteenth Amendment rights and resulted in conversion under Wisconsin law. (ECF No. 1.) But, as Defendants maintain, the undisputed facts show that Beaulieu is not the titled owner and has no property interest in the towed boat. Because Beaulieu did not own the towed boat, Defendants' actions did not injure him. *See Siebert v. Severino*, 256 F.3d 648, 655 (7th Cir. 2001) (providing that a plaintiff who did not own seized property lacked standing to pursue a Fourth Amendment claim); *see also Frey Corp. v. City of Peoria, Ill.*, 735 F.3d 505, 509–10 (7th Cir. 2013) (explaining that the Fourteenth Amendment only protects property that belongs to the plaintiff); *Willowglen*

*Acad.-Wis., Inc. v. Connelly Interiors, Inc.*, 746 N.W.2d 570, 579–80 (Wis. Ct. App. 2008) (requiring that the plaintiff own the converted property to pursue a claim).  Accordingly, Beaulieu does not have standing to pursue any of his claims.  The Court will therefore grant the motion for summary judgment and dismiss the case.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment, ECF No. 23, is **GRANTED**.  The case is dismissed.  The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on July 9, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge