UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAVID J BEAULIEU,

Plaintiff,

Case No. 25-cv-0417-bhl

v.

ERICK NICIA, GAGE MARINE and
CITY OF LAKE GENEVA,

Defendants.

---

**ORDER DENYING MOTION FOR RELIEF**

---

On March 18, 2025, Plaintiff David J. Beaulieu sued Erick Nicia, Gage Marine, and the City of Lake Geneva, challenging their seizure of a boat moored to a buoy on Lake Geneva under 42 U.S.C. § 1983. (ECF No. 1.) Beaulieu alleged he owned the boat and its removal violated his Fourth and Fourteenth Amendment rights and constituted conversion under state law. (*Id.*) On March 5, 2026, Defendants filed a motion for summary judgment along with a set of proposed undisputed facts supported by declarations signed under penalty of perjury. (ECF Nos. 23, 26–29). Plaintiff did not file a timely response, leaving Defendants' proposed facts uncontested. *See* Civ. Loc. R. 56(b)(2)–(4) (E.D. Wis.); Fed. R . Civ. P. 56(e)(2). Accordingly, on July 9, 2026, the Court granted Defendants' motion for summary judgment, dismissed the case on standing grounds, and entered judgment. (ECF Nos. 31 & 32.) A month after judgment was entered, and more than four months after his response to the summary judgment motion was due, Beaulieu reappeared and, despite being represented by counsel, made a number of *pro se* filings, including a motion for relief from judgment under Fed. R. Civ. P. 60(b)(1), an (untimely) brief in opposition to Defendants' motion for summary judgment, and an affidavit from Beaulieu. (ECF Nos. 33–35.) His lawyer, Stephen Compton, has since filed a stipulation by which he and his client attempt to substitute Beaulieu for Compton as "Pro Se counsel of record." (ECF No. 38.)

As an initial matter, Beaulieu's motion for relief from judgment is a legal nullity. A party who is represented by counsel cannot file requests for relief other than through counsel. Fed. R.

Civ. P. 11(a). Beaulieu's stipulation for substitution of counsel is also procedurally improper. Under Civil Local Rule 7.1(c)(3), an attorney who has appeared for a party and wishes to withdraw from the representation without being succeeded another lawyer must seek permission to withdraw by motion. Beaulieu is not a licensed lawyer and is not admitted to the bar of this Court. Accordingly, he is not "pro se counsel of record." If the Court permits Compton to withdraw, Beaulieu will simply be representing himself *pro se*, without counsel; he does not become counsel of record.

The Court will not allow these procedural nonconformities to delay matters further and will therefore treat Beaulieu's stipulation as a motion under Civ. Loc. R. 7.1(c)(3) and grant it. The Court will also allow Beaulieu to proceed with his pro se Rule 60(b) motion, but, for the reasons that follow, will deny that motion on the merits.

Beaulieu seeks relief from the Court's judgment under Rule 60(b)(1), which permits the Court to relieve a party from final judgment based on "mistake, inadvertence, surprise, or excusable neglect." Beaulieu's motion does not use any of these terms, but his arguments most closely align with a claim of excusable neglect. But his justifications do not satisfy the high bar needed for the Court to find excusable neglect sufficient to undo its previously entered judgment.

Beaulieu's mainly relies upon statements related to his attorney's failure to diligently litigate his case. (ECF No. 33.) He includes a four-page affidavit from his counsel, offering a series of excuses for counsel's failure to respond to Defendant's summary judgment motion. (ECF No. 33-1.) According to the affidavit, counsel failed to meet the deadline because it was not entered on his office calendar. (ECF No. 33-1.) He offers several reasons for this failure: (1) his paralegal did not enter the deadline into the office calendar; (2) his office does not regularly practice in federal court; (3) the Court did not remind him of the deadline; and (4) he was caring for his wife as she underwent cancer treatment. (ECF No. ¶¶5, 7–9, 10–16, 18.) None of these excuses rise to the level of excusable neglect.

While "attorney carelessness can constitute 'excusable neglect' . . . inattentiveness to litigation is not excusable." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Easley v. Kirmsee*, 382 F.3d 698, 698 (7th Cir. 2004)). Absent other facts, an attorney's failure to calendar a deadline or appearance does not constitute excusable neglect. *See Joe Hand Promotions, Inc. v. Bohl*, 2015 WL 6965131, at *1 (E.D. Wis. Nov. 10, 2015); *Tango Music, LLC v. Deadquick Music, Inc.*, 2002 WL 31688820, at *2 (N.D. Ill. 2002). Beaulieu and his now former

counsel attempt to gin up other facts supporting an excusable neglect finding, but their efforts are unavailing. First, they try to shift the blame for not calendaring the date to others. Counsel first blames his paralegal and, more generically, his "office" for failing to enter the summary judgment response deadline in this calendar. (ECF No. 33-1 ¶¶10, 14, 15.) Regardless of who counsel assigned responsibility for entering deadlines on his office calendar, he ultimately remains responsible to the Court (and his client) and his failure to ensure that a deadline is met is clearly "inattentiveness to litigation." Remarkably, Compton implies the Court should have reminded him of his deadline, although he subsequently retreats, acknowledging that the Court had no obligation to do so. (ECF No. 33-1 ¶¶18–19.) He also asserts that his office does not regularly practice in federal court. But his inexperience in federal court "does not justify putting the adversary to the continued expense and uncertainty of litigation." *United States v. Golden Elevator, Inc.*, 27 F.3d 301, 302–03 (7th Cir. 1994.) Defendants are correct that "plaintiff brought this case and plaintiff chose the forum." (ECF No. 36 at 6) (deemphasized.) While Plaintiff states that his counsel's neglect is not attributable to him, he "voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 50 U.S. 380, 397 (1993).

The Court sympathizes with the circumstances surrounding Compton's wife's illness and treatment. Had Compton chosen to withdraw at an earlier point in the litigation, moved for an extension of time for the response to Defendant's motion for summary judgment or even Defendant's reply to its own motion, or filed a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), the Court may have been able to find a solution for the parties. Compton instead completely abandoned the case. A family crisis is insufficient to excuse this type of neglect under Rule 60(b). *See Harrington*, 433 F.3d at 548; *Jovanic v. In-Sink-Erator Div. of Emerson Elec. Co.*, 201 F.3d 894, 896–97 (7th Cir. 2000); *L.F. v. Caston Sch. Corp.*, 2026 WL 2979439, at *2 (N.D. Ind. Oct. 5, 2026).

Moreover, to obtain relief under Rule 60(b), Beaulieu must show that he has a meritorious claim. *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994). He has not done so. In its order granting Defendant's motion for summary judgment, the Court ruled that Beaulieu did not have standing to bring the case because there was no evidence he owned the vessel at the center of the dispute. (ECF No. 31 at 3–4.) In his (late) response to Defendant's motion for summary judgment,

Beaulieu claims to own the vessel but offers no proof to support this claim. (ECF No. 34.) He asserts in an affidavit that he purchased the boat from the prior owner, who provided him with original title, stating the boat's prior owner encouraged him to "delay registration" for the vessel. (ECF No. 35 ¶2.) But beyond these conclusory assertions, he has provided no evidence that the boat is titled in his name and the undisputed fact remains that he is not the registered owner. (ECF No. 35.) Moreover, even if he had some evidence, his submission remains untimely and procedurally deficient. Under Civ. Loc. R. 56(b)(2), he was required to come forward with specific evidence to put the facts in dispute by April 3, 2026. Accordingly, Beaulieu has not made a sufficient showing to warrant granting relief from judgment under Rule 60(b)(1).

The Court also notes that Beaulieu is a serial unsuccessful litigator. He has tried to bring similar lawsuits against nearly identical defendants twice in Walworth County Circuit Court and once in this Court—albeit based on a seemingly different factual scenario. (ECF Nos. 29-1 at 3–5, 29-3 at 2–8, 29-4 at 1–12.) He failed to appear in the first state court case, and it was dismissed without prejudice. (ECF No. 29-5); *Beaulieu v. Russell*, 2022CV557 (Walworth Cnty. Cir. Ct. 2022). The second state court case was dismissed on preclusion grounds with prejudice. (ECF No. 29-6 at 1); *Beaulieu v. Russell*, 2023SC000965 (Walworth Cnty. Cir. Ct. 2023). The first federal court case was voluntarily dismissed on August 30, 2024. (ECF No. 29-7 at 3); *Beaulieu v. Gage Marine*, No. 24-cv-734-PP (E.D. Wis. Aug. 30, 2024). This needs to come to an end. Further attempts to litigate this case may result in the Court ordering Plaintiff to show cause why should not be sanctioned under Rule 11, which prohibits litigants from making submissions that are "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1).

Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff's Motion for Relief from Order Pursuant to Rule 60(b)(1), ECF No. 33, is **DENIED**.

Dated at Milwaukee, Wisconsin on October 20, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge